NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————
:
P.N., *an infant, individually and by his* :
*parent and legal guardian, M.W.,* :
: Civil Action No. 02-1351 (FLW)
:
Plaintiff, :
: **OPINION**
v. :
:
CLEMENTON BOARD OF :
EDUCATION :
:
Defendant. :
———————————————————:

**WOLFSON, District Judge**

Presently before the Court is Plaintiffs' renewed motion for attorney's fees and costs

pursuant to the Individuals with Disabilities Education Act (the "IDEA"). Plaintiffs contend that

as the prevailing party, they are entitled to attorney's fees and costs in the amount of $157,148.[1]

The Court has considered the motion, opposition and reply papers; for the reasons that follow,

the Court holds that Plaintiffs may recover $105,190.00 in attorney's fees and $428.00 in costs

and expenses.

## I. BACKGROUND

This case comes before this Court on remand from the Third Circuit following its

determination that Plaintiffs, P.N., a disabled infant, and M.W., his parent and legal guardian,

---

[1] This total is based upon Plaintiffs' assertion that they are entitled to a lodestar of $140,490 plus costs in the amount of $428 for activity up to the filing of the instant motion, and an additional lodestar of $16,230 for activity since the motion was filed. See Plaintiffs' Reply Br. at pp. 1 and 21. The Court notes that there appears to be an error in the "Total Charges for All Courts" set forth in Plaintiffs' supplemental billing records attached to the supplemental certification of counsel submitted with Plaintiffs' Reply Brief, which identifies the total charges $157,147 rather than $157,148.

qualified as "prevailing parties" for attorney's fees purposes under the IDEA. The procedural history of this case is described in detail in this Court's prior Opinion dated December 8, 2004, denying Plaintiffs' initial motion for attorney's fees, and the Third Circuit's subsequent reversal. See P.N. v. Clementon Bd. of Educ., 442 F.3d 848 (3d Cir. 2006). However, the Court will provide a brief recitation of the procedural history and facts pertinent to the instant motion.

In November 2001 and February 2002, prior to any due process hearing before the Office of Administrative Law, the parties entered into two consent orders essentially resolving all issues related to Plaintiffs' October 25, 2001 petition for due process hearing, with the exception of attorney's fees. On March 26, 2002, Plaintiffs filed a Complaint in the District Court seeking prevailing party fees and costs. Thereafter, on July 15, 2002, Plaintiffs moved for an order enforcing that part of the February 2002 consent order that required Defendant, Clementon Board of Education (the "Board"), to pay $425.00 in reimbursement for the costs of psychological treatment and psychiatric services. Plaintiffs' motion was denied on October 31, 2002, and the Clerk marked the case "Closed" on March 13, 2003. The case was reassigned to this Court on January 8, 2003. On June 15, 2004, this Court reopened the case upon Plaintiffs' motion to reopen for determination whether Plaintiffs' attorney's fees should be ordered paid.

In July 2004, Plaintiffs filed their motion for attorney's fees and the Board moved for summary judgment. On December 8, 2004, this Court granted the Board's motion and denied Plaintiffs' motion for attorney's fees, finding that although Plaintiffs were technically prevailing parties, they were not entitled to recover attorney's fees under the IDEA because their success was de minimis. By opinion filed April 5, 2006, as amended April 27 and May 16, 2006, the Third Circuit reversed the decision of this Court, finding Plaintiffs indeed qualified as prevailing

parties for the purposes of their fee request under the IDEA.  The Third Circuit, however, subsequently rejected Plaintiffs' application for attorney's fees finding that the fees sought for representation before the Third Circuit went beyond the time reasonably required for the tasks listed in the application.  Thereafter, the parties appeared before the Hon. Joel Rosen, U.S.M.J. for mediation of fees, however, that proved unsuccessful, and the attorney's fee issue remained unresolved.  On October 2, 2006, the Supreme Court denied the Board's Petition for Certiorari.  See Clementon Board of Educ. v. P.N., 127 S.Ct. 189 (Oct. 2, 2006).  By order dated November 30, 2006, the Third Circuit referred Plaintiffs' application for attorney's fees to this Court for determination.

## II.  DISCUSSION

### A.    Calculation of the Lodestar

Pursuant to 20 U.S.C. § 1415(i)(3)(B), "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to the parents of a child with a disability who is the prevailing party.  In light of the Third Circuit's determination that Plaintiffs qualify as prevailing parties who have "received all that they sought", see P.N. v. Clementon Bd. of Educ., supra, 442 F.3d at 856, the only issue for this Court on remand is the reasonableness of the fees sought.

Reasonable attorney's fees are comprised of the applicable hourly rate for the legal services and the product of the hours reasonably expended; this amount is known as the lodestar.  See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983).[2]  Thus, there are two

---

[2]    The Supreme Court's holding in Hensley applies equally to the recovery of attorney's fees under the IDEA.  See S.W. v. Bridgeton Bd. of Educ., No. 05-cv-0043, 2006 WL 469655 at * 10  (D.N.J. Feb. 24, 2006).

components to the reasonable fee analysis: the rate charged and the time expended.  The party

seeking the fee is required to submit evidence to support the reasonableness of both components.

Hensley, supra, 461 U.S. at 433.

"It is the general rule that a reasonable hourly rate is calculated according to the

prevailing market rates in the community."  S.D. v. Manville Bd. of Educ., 989 F.Supp. 649, 656

(D.N.J. 1998).  "This burden is normally addressed by submitting affidavits of other attorneys in

the relevant legal community attesting to the range of prevailing rates and charged by attorneys

with similar skill and experience."  Id.  When calculating the lodestar amount, the Court must

next "examine the record to determine that the hours billed are not 'unreasonable for the work

performed.'"  R.C. v. Bordentown Regional School Dist. Bd. of Educ., No. 05-CV-3309, 2006

WL 2828418 at * 3 (D.N.J. Sept. 29, 2006)(quoting Washington v. Philadelphia County Court of

Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996)).   "In its evaluation, 'the district court

[must] conduct more than a cursory review of the billing records, and must 'go line, by line'

through the billing records supporting the fee request."  R.C. v. Bordentown Regional School

Dist. Bd. of Educ., supra, 2006 WL 2828418 at * 3 (quoting Posa v. City of East Orange, No. 03-

CV-233, 2005 WL 2205786 at * 4 (D.N.J. Sept. 8, 2005).

As was recently noted by the district court in R.C. v. Bordentown Regional School Dist.

Bd. of Educ., supra, 2006 WL 2828418 at * 3, there are a number of cases that provide guidelines

for the court when determining whether the hours expended by counsel are reasonable.  "A

reasonable fee for hours spent preparing for a legal argument should be limited to hours

reasonably necessary for a lawyer to become familiarized with the facts and the law pertaining to

the issue to be argued, an analysis of the opponent's argument, and questions anticipated to be

4

posed by the court." <u>Planned Parenthood of Cent. New Jersey v. Attorney General of State of</u> <u>New Jersey</u>, 297 F.3d 253, 269 (3d Cir. 2002).  "[T]he higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task." <u>Apple Corps. Ltd. v. International Collectors Soc.</u>, 25 F.Supp.2d 480, 490-91 (D.N.J. 1998) (<u>quoting</u> <u>Rainey v. Philadelphia Hous. Auth.</u>, 832 F.Supp. 127, 130 (E.D.Pa. 1993)).  <u>See also</u>, <u>Ursic v. Bethlehem Mines</u>, 719 F.2d 670, 677 (3d Cir. 1983)("A fee applicant cannot demand a high hourly rate - which is based on his or her experience, reputation, and a presumed familiarity with the applicable law and then run up an inordinate amount of time researching that same law.").

### B.      Reasonableness of Hourly Rates

Here, Plaintiffs' counsel, Jamie Epstein, Esq., seeks an hourly rate of $300.  In support of the contention that the hourly rate sought is reasonable, Mr. Epstein certifies that he has been a member of the New Jersey Bar since 1990, practicing primarily in the area of school law and has additional education and experience in the provision of educational services to disabled children. Additionally, Mr. Epstein submits the affidavits of three attorneys, with whom he consulted on the appeal to the Third Circuit, whose hourly rates range from $160 to $380.[3] Mr. Epstein also cites to the fact that his $300 hourly rate was recently approved in <u>Deptford v. Bd. of Educ. v.</u> <u>H.B.</u>, No. 01-CV-784, 2006 WL 891175 (D.N.J. March 31, 2006), as well as cited and followed

---

[3]      The Court notes that the Affidavits submitted by Ruth Lowenkron, Janet Stocco and Janet Stotland were, in actuality, submitted in support of the fees sought by each of those attorneys rather than in support of the reasonableness of Mr. Epstein's hourly fee.  Nevertheless, the Court will take notice of the fees sought by those attorneys in evaluating the reasonableness of Mr. Epstein's rate.

for a similarly qualified attorney by another district court in <u>R.C. v. Bordentown Regional Sch.</u>

<u>Dist. Bd. of Educ.</u>, No. 05-CV-3309, 2006 WL 2828418 (D.N.J. Sept. 29, 2006).

Plaintiffs also seek reimbursement for legal services provided by Ruth Lowenkron, Esq. in connection with their opposition to the Board's Petition for Certiorari to the Supreme Court and work performed by Ms. Lowenkron related to the instant fee application.  Like, Mr. Epstein, Ms. Lowenkron seeks an hourly rate of $300.   Ms. Lowenkron certifies that since graduating from law school in 1986, she has been employed in various capacities involving the representation of individuals with disabilities, including the field of special education.  Since 1999, Ms. Lowenkron has been employed as a senior attorney at the Education Law Center in Newark, New Jersey where she handles cases in the area of special education.  Ms. Lowenkron also certifies that she teaches and lectures on disability law, including special education law and has co-authored a publication addressing issues in the area of disability law.  In support of the reasonableness of the $300 hourly rate sought, Ms. Lowenkron submits the Affidavits of two attorneys attesting to the appropriateness of her hourly rates.[4]   Finally, Ms. Lowenkron cites to the acceptance of her $300 hourly rate as reasonable by another district court based upon a Report and Recommendation filed on October 5, 2006 in the case of <u>S.L. v. East Orange Bd. of</u> <u>Educ.</u>, Civ.A. No. 05-5498(JAP).

The Board does not contest the $300 hourly rate sought, <u>see</u> Board's Opp. Br. at 3 n.1, and this Court finds the $300 hourly fee sought by Epstein and Lowenkron reasonable in light of

---

[4]       The supporting affidavits were apparently prepared in contemplation of Ms. Lowenkron's submission to the Third Circuit of a fee application for work performed prior to the case being litigated in the Supreme Court, however, "exercising billing judgment" Ms. Lowenkron states that she makes no fee application for work performed in the case prior to the litigation before the Supreme Court.

their experience and the prevailing market rates demonstrated in the community.  However, as was recognized by the court in Deptford v. Bd. of Educ. v. H.B., supra, 2006 WL 891175 at * 6, a $300 hourly fee for litigation in this area is generous and is justified only where the attorney shows the efficiency normally associated with his or her years of specialized practice in the field. Thus, in applying the $300 hourly rate to the lodestar, this Court will likewise "insist[] upon the high degree of efficiency and effectiveness that an attorney rating such a fee should demonstrate." Id.

Plaintiffs additionally seek reimbursement for legal services provided by Janet F. Stotland and Janet A. Stocco in connection with Mr. Epstein's preparation for oral argument before the Third Circuit.  Specifically, each identifies in their respective certifications that they spent 1.5 hours reviewing briefs and other materials in preparation for a moot court in anticipation of oral argument before the Third Circuit and spent 3.5 hours participating in the moot court.[5]  Ms. Stotland certifies that from 1976 to present she has been the Director of the Education Law Center of Pennsylvania and in that capacity has represented students and families in many significant class action lawsuits.  Additionally, she notes that she is generally considered to be a national expert in education law, and, in particular, in the educational rights of children with disabilities. She asserts that based on the prevailing rates charged by attorneys in Philadelphia, Pennsylvania with experience and expertise comparable to hers, the Education Law Center has set her hourly rate at $380 for her representation in this case.  Additionally, Ms. Stocco certifies that she is a 2003 law school graduate who, following a one-year clerkship with the Court of

---

[5]        The Court notes that the affidavits of Ms. Stocco and Ms. Stotland attached as exhibits to Plaintiffs' application for fees before this Court were not executed.  The Court will nevertheless consider their submission, as identical executed copies were attached to Plaintiffs' application for fees before the Third Circuit.

Appeals for the Fifth Circuit, began working as a staff attorney at the Education Law Center in Pennsylvania, which set her hourly rate at $160 for her representation in this case.

With respect to the hourly rates sought by Ms. Stotland and Ms. Stocco, the Court notes that neither attorney has supported the hourly rates sought with anything other than their own affidavits. The Board is silent with respect to the reasonableness of the hourly rates sought by Ms. Stotland and Ms. Stocco, instead lodging a global objection to overstaffing in connection with the reasonableness of the hours expended. In the absence of supporting affidavits, and in light of this Court's finding that $300 is a generous hourly wage for an attorney with extensive experience in this area of litigation, the Court will limit Ms. Stotland's rate to the $300 found to be reasonable in connection with Mr. Epstein's and Ms. Lowenkron's services, but will accept the $160 hourly rate sought by Ms. Stocco.

### C.     Reasonableness of Time Expended

As previously noted, Plaintiffs seek attorney's fees and costs in the total amount of $157,148. The time expended for fees sought is as follows: Jamie Epstein, Esq. – 467 hours, Ruth Lowenkron – 46.4 hours, Janet F. Stotland, Esq. – 5 hours, Janet A. Stocco, Esq. – 5 hours. A summary of Plaintiffs' requested lodestar is shown in Tables 1a through 1e and requested costs in Table 2:

**Table 1a - Plaintiffs' Lodestar Calculation for OAL Activity**

| Attorney | Hours | Hourly Rate | Attny Subtotals | Firm Total |
|---|---|---|---|---|
| Jamie Epstein | 104.5 | $300.00 | $31,350.00 | |
| | | | | $31,350.00 |

**Table 1b - Plaintiffs' Lodestar Calculation for District Court Activity**

| Attorney | Hours | Hourly Rate | Attny Subtotals | Firm Total |
|----------|-------|-------------|-----------------|------------|
| Jamie Epstein | 79.3 | $300.00 | $23,790.00 | |
| | | | | $23,790.00 |

**Table 1c - Plaintiffs' Lodestar Calculation for Third Circuit Activity**

| Attorney | Hours | Hourly Rate | Attny Subtotals | Firm Total |
|----------|-------|-------------|-----------------|------------|
| Jamie Epstein | 212.2 | $300.00 | $63,660.00 | |
| Janet F. Stotland | 5 | $380.00 | $1900.00 | |
| Janet A. Stocco | 5 | $160.00 | $800.00 | |
| | | | | $66,360.00 |

**Table 1d - Plaintiffs' Lodestar Calculation for U.S. Supreme Court Writ Activity**

| Attorney | Hours | Hourly Rate | Attny Subtotals | Firm Total |
|----------|-------|-------------|-----------------|------------|
| Jamie Epstein | 30.6 | $300.00 | $9,180.00 | |
| Ruth Lowenkron | 32.7 | $300.00 | $9,810.00 | |
| | | | | $18,990.00 |

**Table 1e - Plaintiffs' Lodestar Calculation for Post Motion Activity**

| Attorney | Hours | Hourly Rate | Attny Subtotals | Firm Total |
|----------|-------|-------------|-----------------|------------|
| Jamie Epstein | 40.4 | $300.00 | $12,120.00 | |
| Ruth Lowenkron | 13.7 | $300.00 | $4,110.00 | |
| | | | | $16,230.00 |

**Table 2 - Costs**

| Date | Description | Charge | Firm Total |
|------|-------------|--------|-----------|
| 11/1/01 | OAL - mileage (40 mi. x .36/mi. x 2 trips) | $29.00 | |
| 2/3/02 | OAL - mileage (40 mi. x .36/mi. x 2 trips) | $29.00 | |
| 6/18/02 | USDC - conference mileage (8 mi. x .36/mi x 2 trips) | $6.00 | |
| 3/26/02 | USDC - Complaint Filing Fee | $150.00 | |
| 3/27/03 | Personal Service of Summons and Complaint | $50.00 | |
| 8/25/06 | USSC - Printer's fee for Opposition to Writ | $136.00 | |
| 8/25/06 | Postage for Opposition to Writ Mailings | $28.00 | |
| | | | $428.00 |

The Board contends that the hours claimed by Plaintiffs' counsel are so unreasonable as to warrant the application of an across the board percentage reduction.  The Board cites out-of-circuit precedent in which the First, Fourth and Seventh circuits have approved of the complete denial of fees as an appropriate sanction to remedy excessive billing in requests for attorney's fees.  See Board's Br. at p. 3-5 (citing Brown v. Stackler, 612 F.2d 1057 (7th Cir. 1980); Fair Housing Council of Greater Washington v. Landow, 999 F.2d 92 (4th Cir. 1993)).  The Board concedes that this Circuit has never actually applied that sanction, however, it argues that it has approved of it in principle in Hall v. Borough of Roselle, 747 F.2d 838, 842 (3d Cir. 1984) where the court noted the following:

> We cannot say that, under these circumstances, the court abused
> its discretion in refusing to apply the principle of <u>Brown v.</u>
> <u>Stackler</u> to the facts of this case.

Thus, the Board seeks a straight reduction of the lodestar by at least 50%.

In support of the reduction, the Board cites to the fact that Jamie Epstein seeks reimbursement for 104.5 hours before the Office of Administrative Law where the parties settled early on and no hearing was ever held.  The Board questions Mr. Epstein's entries on February 1, 2002 for 12.2 hours of trial preparation and on February 3, 2002 for 4.5 hours for trial when no hearing ever took place.  Additionally, citing Judge Simandle's decision in <u>Deptford v. Bd. of Educ. v. H.B.</u>, <u>supra</u>, 2006 WL 891175 as further evidence of Mr. Epstein's allegedly improper billing practices, the Board challenges the number of calls made to the parent, presumably throughout the entire period this case has been in litigation, and generally challenges counsel's entries as vague.[6]  The Board also cites to the fact that the total bill from its counsel for the federal litigation from 2003 to present is in the range of $15,000 - $20,000.  Additionally, the Board questions the 32.7 hours[7] spent by Ms. Lowenkron editing and finalizing the Plaintiffs' brief in opposition to the Petition for Certiorari, which was only eight pages long and for which Mr. Epstein also billed time.  With regard to the time expended by Mr. Epstein before the Third Circuit, the Board specifically claims as excessive (i) the 40 hours billed in connection with a sixteen-page brief, which consisted of only eight pages of argument, (ii) the 28.9 hours spent on

---

[6]      Although not entirely clear, the Board appears to also suggest that a reduction may also be appropriate because Plaintiffs were not successful on all issues, <u>see</u> Board's Br. at p. 8, n.6, however, this Court is foreclosed from considering any such reduction for partial success by the Third Circuit's finding that Plaintiffs qualify as prevailing parties who have "received all that they sought".  <u>See</u> <u>P.N. v. Clementon Bd. of Educ.</u>, <u>supra</u>, 442 F.3d at 856.

[7]      The Board actually refers to "27.3 hours" spent by Ms. Lowenkron on the brief, but this Court presumes that the Board meant the 32.7 referenced in her certification.

Plaintiffs' reply brief, which the Board asserts, added nothing new, and (iii) the 25 hours spent preparing for the fifteen-minute oral argument.  The Board also specifically claims as excessive the eighteen hours spent by counsel in October 2006 drafting the instant fee application and argues that time listed for travel should be excised from what Plaintiffs are to receive.[8]

The Court agrees that Plaintiffs' lodestar is unreasonable.  However, the Court declines the Board's request for the application of a straight percentage reduction, finding that even if such a sanction could apply in this Circuit, an issue on which this Court makes no finding, it would not be warranted under the facts of this case where the billing is not so excessive as to warrant such a sanction and where any over billing can readily be addressed through this Court's line-by-line review of counsels' billing records.

The Court likewise rejects Plaintiffs' contention that this Court must deem all entries, aside from those specifically objected to by the Board, as unopposed and uphold them. Plaintiffs' reliance on Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir. 1989), Rode v. Dellarciprete, 892 F.2d 1177, 1188 (3d Cir. 1990) and Cunningham v. City of McKeesport, 753 F.2d 262 (3d Cir. 1985) in support of its contention is misplaced.  This is not a situation in which the Board has failed to raise objections to Plaintiffs' fee application such that Plaintiffs were not given sufficient notice to present their contentions with regard to the reduction sought.  The Court acknowledges that rather than seeking a straight percentage reduction in fees

---

[8]        Though not in the body of the Board's brief and not supported by any legal basis, the Board suggests in the certification submitted by counsel (see ¶ 8), and the accompanying affidavit of Superintendent of Schools Michael Kozak, that the purported "drastic effect" that the award of attorney's fees sought in this case would have on the District should preclude an award in the range of what is sought.  However, as Plaintiffs point out, the effect on the District is not an appropriate consideration for this Court on review of Plaintiffs' application.  See Child Evangelism Fellowship of New Jersey, Inc. v. Stafford Twp. School Dist., No. 02-cv-4549, 2006 U.S. Dist. Lexis 62966 *87 (D.N.J. Sept. 5, 2006) (noting that "[a] losing party's financial ability to pay is not a 'special circumstance' or 'relevant consideration' in determining an award of fees.").

based upon limited examples of excessive billing, it would have been preferable for the Board to have provided its specific objections to the fees sought during each phase of this litigation, nevertheless, the Court does not find that the Board's approach precludes this Court's reduction. Indeed, the Board made clear that it challenged the reimbursement sought with regard to each phase as excessive.  See Erhart v. City of Atlantic City, No. 00-6209, 2006 WL 2385061 at * 9 (D.N.J. Aug. 17, 2006)("The party raising a challenge to a fee petition on the basis that a time entry was unreasonable or unnecessary 'need only specify with particularity the reason for its challenge and the category (or categories) of work being challenged; it need not point to each individual excessive entry.'")(quoting Interfaith Community Org. v. Honeywell Intern., Inc., 426 F.3d 694, 713 (3d Cir. 2005)).

With respect to the Board's specific objections to billing entries, the Court disagrees with the Board's contention that the hours expended by Mr. Epstein communicating with Plaintiffs was excessive.  As Plaintiffs point out, throughout the course of the six years of litigation, Mr. Epstein recorded time entries for a total of 44 calls.  Considering the relatively short length of the calls and the fact that the majority of those calls – 40 in total – occurred during the course of the OAL proceedings from October 2001 through March 2002 as counsel prepared the merits of the case, the Court does not find the billing excessive, unnecessary or redundant.  Nor does the Court agree that the travel time recorded by Mr. Epstein is not reimbursable.  This is not, as the Board appears to suggest by its reliance on this Court's decision in Pretlow v. Cumberland Bd. of Social Services, No. 04-cv-2885, 2005 WL 3500028 (D.N.J. 20, 2005), a situation in which counsel outside the local forum was selected.   The Board lodges no challenge to Plaintiffs' choice of counsel, nor does the Board present any other basis upon which this Court could find the nominal

13

travel time recorded by counsel unreimburseable.  See also, Deptford Twp. School Dist. v. H.B.,

2006 WL 3779820 at * 6 (D.N.J. Dec. 21, 2006) (finding travel time to and from court

proceedings where local counsel has little or no control over the time it takes to travel to

proceedings reimburseable).

 Nevertheless, the Court does find Plaintiffs' lodestar unreasonable in connection with the

time recorded for numerous other tasks.   As previously noted, the hourly rate of $300 is at the

high end of the range for the type of work performed in the relevant market.  Indeed, the case

cited by Plaintiffs in support of the reasonableness of the $300 hourly rate acknowledges that

$300 is at the high end.  See Deptford v. Bd. of Educ. v. H.B., supra, 2006 WL 891175 at * 6

(D.N.J. March 31, 2006)("This Court finds that $300 is a generous hourly fee for such litigation

in this area, but is justified if the attorney shows the efficiency normally associated with 15 years

of specialized practice in the field.").  Yet, despite the acknowledged experience of Mr. Epstein

and Ms. Lowenkron in this area of litigation, Plaintiffs seek reimbursement for a total of 513.4

hours spent litigating what Plaintiffs concede has been 90 % fee litigation.  See Plaintiffs'

Motion Br. at ¶ 13.

 Accordingly, with regard to each phase of this litigation, the Court finds the following

reductions appropriate for the reasons set forth below:

   **1. Hours Expended Before the Office of Administrative Law:**

**October 20, 2001** –
  Review Disciplinary Record of PN – 1 hour
  Review 7-11-02 Letter from Booker to Miller, Esq. –  .2 hours
  Review Miller's Criminal File of PN – .9 hours
  Review PN Medical Records – .3 hours
  Review PN Academic Records – .8 hours
  Review PN Special Ed Records – .6 hours

Review Correspondence from CBE[9] to MW – .3 hours
Review Dr. Booker's notes – .5 hours
Review Social Evaluation – .4 hours

The Court finds the five hours billed by Mr. Epstein for review of records excessive in that he is experienced counsel that essentially only conducted a record review. Accordingly, the time will be reduced to three hours.

**October 22, 2001 –**
Draft Due Process Brief – 9.9 hours
**October 23, 2001–**
Continue Draft of Due Process Brief  – 9.8 hours
**October 24, 2001 –**
Finalize Draft of Due Process Brief – 9.5 hours

The Court finds the 29.2 hours billed by Mr. Epstein for drafting Plaintiffs' Due Process Brief excessive in light of counsel's experience in this area of litigation and given the fact that the time billed did not include the record review, which counsel previously billed for on October 20, 2001. Accordingly, the time will be reduced to twenty hours.

**November 2, 2001 –**
Draft Letter to ALJ – .3 hours
Draft Letter to CBE – .7 hours
Draft Letter to Dr. Booker – .8 hours
Review Letter from MW – .4 hours
Review Letter from CBE to MW – .2 hours

The Court finds the 2.4 hours billed by Mr. Epstein for drafting and reviewing correspondence excessive in light of counsel's experience. Accordingly, the time will be reduced to 1.2 hours.

**November 11, 2001 –**
Draft Cover Letter to Judge Duncan – .3 hours
Review Letter from CBE to ALJ – .3 hours

The Court finds the .3 hours billed by Mr. Epstein for drafting a cover letter to Administrative Law Judge Duncan excessive and duplicative in that counsel billed 1.6 hours on this same date to "Draft Memo to Judge Duncan." Similarly, the Court finds .3 hours to review a letter from opposing counsel

---

[9]     "CBE" refers to the Clementon Board of Education.

15

excessive in light of counsel's experience.  Accordingly, the time billed for these tasks shall be reduced to .1 hours each.

**January 10, 2002 –**
       Review Psych Evaluation – .9 hours
       Review CBE Letter of 1-7-02 and Enclosures – .7 hours

       The Court finds the time billed by Mr. Epstein for review on this date excessive in that it should not take experienced counsel .9 hours to review a psych evaluation and .7 hours to review correspondence from opposing counsel. Accordingly, the time billed for these tasks is reduced to .5 hours and .4 hours, respectively.

**January 11, 2002 –**
       Review Learning Evaluation – .9 hours

       The Court finds the time billed by Mr. Epstein for review excessive in that it should not take experienced counsel .9 hours to conduct this task.  Accordingly, the time will be reduced to .5 hours.

**January 15, 2002 –**
       Draft Letter to Judge Duncan – 1.5 hours

       The Court finds the 1.5 hours billed by Mr. Epstein for drafting correspondence excessive to the extent that he is experienced counsel who was familiar with facts of the case.  Accordingly, the time will be reduced to one hour.

**January 16, 2002 –**
       Review Order of ALJ – .3 hours

       The Court finds the .3 hours billed by Mr. Epstein for review of an administrative order excessive in light of counsel's experience.  Accordingly, the time will be reduced to .1 hour.

**January 18, 2002 –**
       Review of Notice and Filing from OAL – .2 hours

       The Court finds the time billed by Mr. Epstein for review of documents from the Office of Administrative Law excessive given counsel's experience. Accordingly, the time will be reduced to .1 hour.

**January 28, 2002 –**
       Review Letter of 1-25-02 from CBE – .4 hours

The Court finds the time billed by Mr. Epstein for review of correspondence from the Board excessive given counsel's experience and familiarity with the facts of the case. Accordingly, the time will be reduced to .1 hour.

**February 1, 2002 –**
Prepare for Trial – 12.2 hours

The Court finds the time billed by Mr. Epstein for trial preparation excessive and, to an extent duplicative of the 13 hours billed for trial preparation on October 31, 2001 in connection with the November 1, 2001 hearing date. Accordingly, the time will be reduced to seven hours.

**February 9, 2002 –**
Review Letter from CBE to ALJ – .2 hours

The Court finds the time billed by Mr. Epstein for review of correspondence excessive in that it should not take experienced counsel, who is familiar with the facts of the case, .2 hours to review correspondence. Accordingly, the time will be reduced to .1 hour.

**February 10, 2002 –**
Review Letter from CBE w/ enc. – .4 hours

The Court finds the time billed by Mr. Epstein for review of correspondence excessive in that it should not take experienced counsel, who is familiar with the facts of the case, .4 hours to review correspondence. Accordingly, the time will be reduced to .1 hour.

**February 27, 2002 –**
Review Order from ALJ – .2 hours

The Court finds the .2 hours billed by Mr. Epstein for review of an administrative order excessive in light of counsel's experience. Accordingly, the time will be reduced to .1 hour.

In sum, this Court reduces Mr. Epstein's billable hours in connection with his representation of Plaintiffs before the Office of Administrative Law from 104.5 hours to 83.8 hours.

**2.      Hours Expended Before the District Court**

**January 10, 2003 –**
        Review Order Reassigning Case to FLW – .2 hours

        The Court finds the time billed by Mr. Epstein for review of an order
reassigning the case to this Court excessive in that it should not take experienced
counsel .2 hours to review a routine order simply transferring the case from one
district judge to another.  Accordingly, the time will be reduced to .1 hour.

**June 18, 2004 –**
        Review 6/16/04 Order Granting Motion to Reopen – .5 hours

        The Court finds the time billed by Mr. Epstein for review of this Court's
three-page order reopening the case excessive in that it should not take
experienced counsel one-half hour to review a three-page Order that reopened the
case at counsel's request and set a new briefing schedule.  Accordingly, the time
will be reduced to .1 hour.

**July 14, 2004 –**
        Draft Dispositive Motion Brief – 6.9 hours
        Cont. Draft of Dispositive Motion Brief – 7.1 hours
**July 15, 2004 –**
        Finalize Dispositive Motion Brief – 8.3 hours
**July 16, 2004 –**
        File Dispositive Motion, Review USDC Filing Dates – .5 hours

        The Court finds the 22.8 hours billed by Mr. Epstein for drafting and filing
Plaintiffs' Motion for Attorney's Fees excessive in light of counsel's experience
and given the fact that the briefing was not extensive or in-depth.  Accordingly,
the time will be reduced to twelve hours.

**September 5, 2006 –**
        Draft and File OPRA Request on CBE – .5 hours
**September 18, 2006 –**
        Inspect CBE OPRA Records – 2.9 hours
        Travel to Inspect CBE OPRA Records – 1 hour
**October 27, 2006 –**
        Draft and File Fee Application – 9.8 hours
**October 31, 2006 –**
        Draft and File Fee Application Continued – 8.7 hours

It is well established that attorneys can recover fees for time spent drafting fee petitions.  <u>Planned Parenthood of Cent. New Jersey v. Attorney General of New Jersey</u>, 297 F.3d 253, 268 (3d Cir. 2002).  However, the Court finds Mr. Epstein's request for time spent on the petition for attorney's fees to be unreasonable and excessive.   The Court finds the 22.9 hours billed by Mr. Epstein for drafting and filing Plaintiffs' fee application and for reviewing CBE's billing records in connection therewith excessive in light of counsel's experience and duplicative in light of the fact that counsel billed approximately 23 hours in April and May 2006 in connection with the fee application submitted to the Third Circuit.  Additionally, the Court notes that the filing and drafting of a request for documents under the Open Public Records Act is not a complex matter and should not take experienced counsel one half hour to complete.  Accordingly, the time will be reduced to fifteen hours.

In total, this Court reduces Mr. Epstein's billable hours in connection with his representation of Plaintiffs before the District Court from 79.3 hours to 60.1 hours.

### 3.    Hours Expended Before the Third Circuit

At the outset, the Court notes that in light of the finding by the Third Circuit on Plaintiffs' application for an award of attorney's fees in the amount of $71,970.00 that "the time listed goes beyond that reasonably required for the tasks listed", the Plaintiffs adjusted the time downward seeking reimbursement for 212.2 hours of Mr. Epstein's time, rather than the 230.9 initially sought.  Despite Plaintiffs' adjustments, the Court still finds the total number of hours expended by counsel on the appeal astounding given the limited and relatively straightforward legal issues on appeal.  Indeed, the only issues on appeal consisted of whether the consent orders issued by the administrative law judge could convey prevailing party status under the IDEA and, if so, whether Plaintiffs were nevertheless precluded from recovering attorney's fees because their success was <u>de minimis</u>.  Accordingly, the Court finds the time billed by counsel in connection with the activity before the Third Circuit excessive and the following adjustments appropriate:

**December 8, 2004 –**
   Review USDCT Final Order – .3 hours

   The Court finds the .3 hours billed by Mr. Epstein for review of this Court's Order denying Plaintiffs' application for attorney's fees and granting summary judgment excessive in that it should not take experienced counsel .3 hours to review a simple court order when counsel billed 2.8 hours for review of the accompanying opinion. Accordingly, the time will be reduced to .1 hours.

**December 22, 2004 –**
   Draft and File Notice of Appeal – 3.1 hours

   The Court finds the 3.1 hours billed by Mr. Epstein for drafting the Notice of Appeal excessive given counsel's experience and in light of the fact that counsel previously billed 2.8 hours for review of the opinion on appeal and legal research in connection therewith.  Accordingly, the time will be reduced to 1.5 hours.

**January 4, 2005 –**
   E-Mail RL; Compare Petition vs. Relief – .4 hours
**January 5, 2005 –**
   RL E-Mail; Request for OAL Petitions – .2 hours
**January 22, 2005 –**
   E-Mail RL; Forward OAL Petitions – . 3 hours

   The Court finds the .9 hours billed by Mr. Epstein for consultation with Ms. Lowenkron concerning the OAL petitions, excessive and duplicative in that counsel billed a significant amount of time during the same period for consultation with Ms. Lowenkron in connection with other issues related to the OAL record.  It should not take experienced counsel .9 hours to presumably discuss and forward OAL Petitions previously drafted by counsel to Ms. Lowenkron.  Accordingly, the time will be reduced to .4 hours.

**February 8, 2005 –**
   Review 1/11/05 Atty Letter "Frivilous Appeal/Sanction" – .2 hours
**February 9, 2005 –**
   Legal Research of Issues Raised in 1/11/05 Atty Letter – 6.8 hours

   The Court finds the time billed by Mr. Epstein for review of opposing counsel's one-page frivolous sanction letter and research in connection therewith excessive in that it should not take experienced counsel 7 hours to complete such a task when counsel previously billed a significant amount of time in connection

with the preparation of the appeal and in consultation with Ms. Lowenkron. Accordingly, the time will be reduced to 3 hours.

**March 11, 2005 –**
    Review USCA3 Briefing Notice – .3 hours
**March 13, 2005 –**
    E-Mail RL; Forward Briefing Schedule – .2 hours
**March 22, 2005 –**
    RL E-Mail; Request for Review of USDCT Record – .2 hours
    E-Mail RL; Forward Parts of USDCT Record – .3 hours
    RL E-Mail; USDCT Proceeding Questions – .2 hours
**April 1, 2005 –**
    RL E-Mail; Briefing Schedule Issues – .2 hours

The Court finds the time billed by Mr. Epstein for discussions with Ms. Lowenkron related to the briefing schedule and the district court record excessive in light of counsel's experience and the fact that counsel previously billed a significant amount of time in consultation with Ms. Lowenkron regarding the OAL record, mediation issues and other legal issues related to the appeal. Furthermore, review of briefing dates and requests for records are straightforward administrative tasks that do not require any expertise or substantive analysis. Accordingly, the time will be reduced to .7 hours.

**May 1, 2005 –**
    Prepare Appendix – 4.9 hours
**May 2, 2005 –**
    Prepare Brief Outline, Legal Research, Review File, Etc. – 13.7 hours
**May 3, 2005 –**
    Draft Brief – 15.4 hours
**May 4, 2005 –**
    Finalize Brief – 14 hours

The Court finds the 48 hours billed by Mr. Epstein in connection with the preparation of Plaintiffs' sixteen-page appellate brief excessive in light of counsel's experience and in light of the fact that the legal issues raised on appeal were limited and relatively straightforward, and had already been researched and briefed before the court below.  Accordingly, the time will be reduced to 28 hours.

**May 31, 2005 –**
    RL E-Mail; Reply Brief Submission Date – .2 hours
**June 1, 2005 –**
    E-Mail RL; For Briefing Schedule – .5 hours

**June 2, 2005 –**
    RL E-Mail; Reply Brief Comments – .3 hours
    RL E-Mail; Reply Brief New Legal Issues– .3 hours
    RL E-Mail; Reply Brief New Legal Issues – .2 hours
    RL E-Mail; Reply Brief New Legal Issues – .2 hours
**June 6, 2005 –**
    E-Mail RL; Reply Brief Legal Issues – .3 hours
    E-Mail RL; Reply Brief Legal Issues – .3 hours
    E-Mail RL; Reply Brief Legal Issues – .3 hours
    RL E-Mail; Reply Brief Legal Issues – .3 hours
    RL E-Mail; Reply Brief Legal Issues – .4 hours
    Review RL Reply Brief Outline Suggestions – 1.2 hours
**June 7, 2005 –**
    RL E-Mail Reply Brief Comments – .4 hours
    RL E-Mail; Reply Brief New Legal Issue – .2 hours
    RL E-Mail; Reply Brief Comments – .4 hours
    Review RL Reply Brief Main Point Suggestions – .9 hours
**June 8, 2005 –**
    E-Mail RL; Reply Brief Comments – .2 hours
    E-Mail RL; Reply Brief Comments – .5 hours
    RL E-Mail; Reply Brief Comments – .2 hours
    E-Mail RL; Reply Brief Comments – .2 hours
    RL E-Mail; Review Reply Brief Comments – 1.2 hours
    E-Mail RL; Forward Reply Brief Comments – .3 hours
    RL E-Mail; Reply Brief Legal Research – .3 hours

       The Court finds the 9.3 hours billed by Mr. Epstein for consultation with Ms. Lowenkron regarding the preparation of Plaintiffs' reply brief excessive in light of counsel's experience and familiarity with the case.  In so finding, the Court notes that it does not find Mr. Epstein's consultation with counsel for amicus, Ms. Lowenkron, improper rather it simply finds the time spent in consultation on the particular task identified excessive given counsel's professed experience in this area of the law.  Furthermore, billing .7 hours for such routine e-mails as informing co-counsel of scheduling dates is clearly unnecessary.  Accordingly, the time will be reduced to 3 hours.

**June 10, 2005 –**
    Prepare Reply Brief Outline, Legal Res., Review File – 7.8 hours
**June 11, 2005 –**
    Draft Reply Brief – 11.2 hours
**June 12, 2005 –**
    Finalize Reply Brief – 8.9 hours

**June 13, 2005 –**
> File Reply Brief – .5 hours

> The Court finds the 28.4 hours billed by Mr. Epstein for the preparation of Plaintiffs' fifteen-page reply brief excessive in light of counsel's experience and the limited legal issues on appeal.  Accordingly, the time will be reduced to 20 hours.

> Additionally, from September 22, 2005 through December 9, 2005, the Court notes that Mr. Epstein recorded 24 entries totaling 12.5 hours in connection with his consultation with outside counsel, including Ms. Lowenkron, Janet Stocco and Janet Stotland, concerning the preparation for oral argument, including participation in a moot court.  Given counsel's professed experience in this area of litigation and given the 21.9 hours Mr. Epstein separately recorded on December 10, 2005 and December 11, 2005 in connection with his preparation for argument, the Court finds the total hours spent by Mr. Epstein in preparation for oral argument excessive.  The Court also finds the five hours billed by Ms. Stocco and Ms. Stotland in connection with the moot court excessive in light of the limited issues on appeal.  Accordingly, Mr. Epstein's time will be reduced from 34.4 hours to 15 hours and Ms. Stocco and Ms. Stotland's time will be reduced to 1 hour each.

In total, this Court reduces Mr. Epstein's billable hours in connection with his representation of Plaintiffs before the Third Circuit from 212.2 hours to 151.1 hours.  The Court also reduces the total hours spent by Ms. Stocco and Ms. Stotland from 5 hours to 1 hour, respectively.

**4.      Hours Expended Before the Supreme Court**

In connection with the Board's Petition for Certiorari before the Supreme Court, Plaintiffs' fee application seeks reimbursement for 30.6 hours billed by Mr. Epstein and 32.7 hours billed by Ms. Lowenkron.  The Court does not question Mr. Epstein's decision to enlist the assistance of Ms. Lowenkron in opposing the Board's Petition for Certiorari, however, given the professed experience of both Mr. Epstein and Ms. Lowenkron in this area of litigation and

counsels' familiarity with the case, the Court finds the time billed by counsel and co-counsel essentially for the preparation of an eight-page opposition brief excessive.  Accordingly, the billable time for counsel shall be reduced to ten hours for Mr. Epstein and ten hours for Ms. Lowenkron.

### 5.    Post-Motion Activity

Plaintiffs have supplemented the initial billing records initially filed with this Court in support of the fee application and are seeking an additional 40.4 hours for Mr. Epstein's time and 13.7 hours for Ms. Lowenkron's time, which they contend was expended between November 1, 2006 to the present primarily in connection with mediation of fee issues before the Third Circuit and Plaintiffs' response to the Board's opposition to the instant fee application.  The Court finds overbilling with regard to Plaintiffs' response to the fee application.  Again, the Court does not question Mr. Epstein's decision to employ co-counsel, however, the Court finds the 22.3 hours expended by Mr. Epstein in responding to the Board's eleven-page opposition brief and the 13.7 hours expended by Ms. Lowenkron in connection with the mediation of fee issues and in responding to the Board's opposition brief excessive in light of counsel's collective experience. Accordingly, Mr. Epstein's time will be reduced from 40.4 hours to 28.1 hours and Ms. Lowenkron's from 13.7 hours to 6 hours.

Taking into account the foregoing adjustments at each stage of the litigation, the Court calculates the Lodestar amounts as follows:

|  | Approved Hourly Rate | Approved Hours | Lodestar Amount |
|---|---|---|---|
| Jamie Epstein | $300.00 | 333.1 hours | $99,930.00 |
| Ruth Lowenkron | $300.00 | 16 hours | $4800.00 |
| Janet F. Stotland | $300.00 | 1 hour | $300.00 |

| Janet A. Stocco | $160.00 | 1 hour | $160.00 |
|---|---|---|---|

**D.    COSTS**

In addition to requesting attorney's fees, Plaintiffs request reimbursement of $428.00 for costs in this litigation.  As set forth on Table 2, the reimbursement sought is comprised of mileage, filing and service fees, a printer's fee and postage.  The Board does not dispute Plaintiffs' ability to recover these costs.  Accordingly, this Court finds that Plaintiffs are entitled to recover $428.00 in costs.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs' application for attorney's fees and costs is granted and Plaintiffs are entitled to recover $105,190.00 in attorney's fees and $428.00 in costs and expenses.

/s/ Freda L. Wolfson<br>
Honorable Freda L. Wolfson<br>
United States District Judge

Dated: April 19, 2007